1

2

3

4                               UNITED STATES DISTRICT COURT

5                              NORTHERN DISTRICT OF CALIFORNIA

6

7        UNITED STATES OF AMERICA,                    Case No. 17-cr-00244-WHO-1  and

                    Plaintiff,                         18-cr-604-WHO

8

9              v.

                                                      **ORDER DENYING COMPASSIONATE**
10       ROBERT ZANDER SEATON,                         **RELEASE**

                    Defendant.
11

12             Defendant Robert Zander Seaton moved for compassionate release pursuant to 18 U.S.C. §

13   3582(c)(1)(A) because he is of heightened risk of COVID-19 infection as a result of his serious

14   medical conditions.  He has a good release plan and his warden at FMC Rochester approved his

15   release, but it was overruled by the Bureau of Prisons' Central Office.  Despite those facts, which

16   would counsel in favor of release, in consideration of the factors set forth in 18 U.S.C. § 3553(a)

17   and the other circumstances in this case, I do not find that "extraordinary and compelling reasons

18   warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

19              The phrase "extraordinary and compelling reasons" has been defined by the United States

20   Sentencing Commission in the application notes to U.S.S.G. § 1B1.13.  There are five

21   circumstances that qualify as "extraordinary and compelling reasons" to grant compassionate

22   release.

23             The first two relate to the defendant's medical condition. The "extraordinary and

24   compelling reasons" standard is satisfied if "[t]he defendant is suffering from a terminal illness

25   (i.e., a serious and advanced illness with an end of life trajectory)." U.S.S.G. § 1B1.13 cmt.

26   n.1(A)(i).  It is also satisfied by "a serious physical or medical condition, . . . serious functional or

27   cognitive impairment, or . . . deteriorating physical or mental health because of the aging process .

28   . . that substantially diminishes the ability of the defendant to provide self-care within the

United States District Court
Northern District of California

United States District Court
Northern District of California

1   environment of a correctional facility and from which he or she is not expected to recover." *Id*. §

2   1B1.13 cmt. n.1(A)(ii).  I am well aware of Mr. Seaton's serious medical conditions, having

3   accepted him into our District's Conviction Alternatives Program ("CAP"), now called the

4   Alternatives To Incarceration Program, and met with him regularly for five months while he was

5   in CAP.[1]

6       The fifth factor is a catch-all that provides for relief if, "[a]s determined by the Director of

7   the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason

8   other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id*. §

9   1B1.13 cmt. n.1(D).  In addition to his serious medical conditions, Mr. Seaton cites the heightened

10  risk he faces from the COVID-19 epidemic and the release plan supported by his family as support

11  for his motion.

12      The government opposes release.  It notes that he has only served 23% of his sentence,

13  with most of that time to date being spent on stabilizing his medical condition.  It cites a high

14  likelihood of recidivism, recalling that while on pretrial release for his first case for trafficking in

15  methamphetamine, he continued trafficking meth and caught his second case in the Eastern

16  District of Virginia.  It argues that he was a participant in CAP, that the resources and support of

17  the entire court, including the U.S. Attorney's Office and Public Defender's Office, were provided

18  so that he could avoid prison on a significant charge and build a law-abiding, society-contributing

19  life, and that he misled all of the people who supported him for months until he was arrested on

20  the second case.  When arrested, he had 111 grams of meth in his possession.

21      The catch-all fifth provision has me look at all the circumstances in his case in

22  combination.  Here, I also consider the 18 U.S.C. § 3553(a) factors, the reasons for the sentence

23  that I imposed, the amount of time he has served, and whether he would be a danger to the public

24

25      [1] A defendant's age qualifies as a third extraordinary and compelling reason if "[t]he
    defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or
26  mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of
    his or her term of imprisonment, whichever is less." *Id*. § 1B1.13 cmt. n.1(B).  Family
27  circumstances requiring the defendant to care for minor children or a spouse or registered partner
    are a fourth qualifying reason. *Id*. § 1B1.13 cmt. n.1(C).  Neither of these factors apply here.
28

United States District Court
Northern District of California

1  if released.

2      I know Mr. Seaton to be intelligent, engaging, a compelling writer and a thoughtful person.

3  He has such potential.  I know the severity of his medical conditions.  And I appreciate the

4  strength of his mother's and sister's support.  I knew these things at the time I sentenced him to

5  120 months imprisonment on May 16, 2019, which constituted a substantial downward variance

6  from the low end of the Sentencing Guidelines range and the recommendations of the U.S.

7  Attorney's Office and Probation of 188 months.  But I also knew that he pleaded guilty to

8  trafficking more than 500 grams of meth, heroin, MDMA and ketamine, was nonetheless

9  recommended by the government and defense to CAP, concealed that he had continued to traffic

10  in meth while on pretrial release, was accepted into CAP under false pretenses, misled the CAP

11  team and participants throughout his time in CAP by failing to be honest about his criminality, and

12  at the time he was arrested again for dealing meth was found in possession of 111 grams of meth.

13  His argument that the crimes for which he was ultimately convicted in the second case occurred

14  before his entry into CAP is of no moment in light of his on-going dishonesty.  Furthermore, while

15  addicts may relapse, the amount of meth in his possession when he was arrested the second time

16  does not indicate that it was merely for his personal use.

17      Mr. Seaton has served less than a quarter of his sentence.  Not enough time has passed to

18  give me any confidence that he would not recidivate if I released him now.

19      Mr. Seaton's placement at FMC Rochester also weighs against release.  At a minimum, his

20  health is "chronic but stable" and has improved since sentencing as a result of attentive medical

21  care.  FMC Rochester is affiliated with the Mayo Clinic; Mr. Seaton has been classified

22  appropriately.  It is meeting his medical needs.  Further, to date FMC Rochester has not had any

23  positive inmate tests.  As Mr. Seaton argues, that is no assurance that there will not be positive

24  inmate tests in the future, and conditions while incarcerated are more risky than in one's home.  At

25  the same time, the state of Florida's COVID-19 rate is spiking at present, so release does not

26  appear to be a significantly safer choice than FMC Rochester for Mr. Seaton.

27      I know that Mr. Seaton has the capacity to be a positive contributor to his family,

28  community and society.  I hope he is showing some of that capacity now and expect that his life

1    will be on a positive trajectory when he is ultimately released.  But today, I do not think the

2    sentencing goals of reflecting the seriousness of his crimes, promoting respect for the law,

3    providing just punishment, deterring criminal conduct and protecting the public from future crime

4    would be met if I released him.  The nature and circumstances of his offense and his history and

5    characteristics do not support release.  FMC Rochester is well equipped to address his medical

6    needs.  Extraordinary and compelling reasons do not exist for his release.  The motion is DENIED.

7          **IT IS SO ORDERED.**

8    Dated: July 14, 2020

9

10

11                                        William H. Orrick
                                          United States District Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28